Wardlaw, J.
delivered the opinion of the Court.
By the Act of 1824, the jurisdiction of justices of the peace, (now called magistrates,) was expressly made exclusive “ in matters of contract to the amount of twenty dollars.” It is the sum proved, and not the sum claimed by the plaintiff in his suit, whose amount must exceed $20 to be raised above the exclusive jurisdiction. The verdict of a jury finding for the plaintiff a sum not above $20, (or in a summary process, where no jury has been claimed, the decision of the Judge that a sum not above $20 is, in truth, demandable by the plaintiff.) is, in a matter of contract, conclusive to shew that the Superior Court has not jurisdiction, except where a sum proved exceeding $20, has been reduced below the prescribed amount, by discount.
These propositions, which had been maintained by former decisions, were re-affirmed in Vaughan v. Cade, which was a much contested case, and they are now again repeated. It is useless to repeat the observations which were before made in support of them, and which may be seen in Vaughan v. Cade, Sanders v. Gage, and in Caldwell v. Garmany; but some objections' to them, which have now been made, will be hastily considered.
The many cases which have been adduced to shew that the jurisdiction of a Superior Court can be taken away only by express words or necessary implication, have no application to this case, for the words of the Act of 1824 are express.
The case of Gordon v. Longest, and many other cases from the U. S. Courts, in which it has been held that the sum claimed by the plaintiff in his writ, sustains the jurisdiction, *263 although the sum recovered may be below the prescribed amount, either depend upon such words as “ matter in dispute,” “matterin controversy,” “sum involved,” which were used in the statutes giving jurisdiction, or are opposed to our ■own cases, of which three have been already cited, and many more may be found, wherein a plaintilf has been non-suited, on the trial' of a summary process before a Judge, because notwithstanding a larger sum claimed in his process, his proof shewed his debt or demand in matter of contract to be not above $20.
9tli Edit. 1st j^’ggg d T0 ’
n stat. n.
In reference to the practice which prevails in England, under the various statutes that have established Courts of conscience and Courts of requests, which practice was referred to in Vaughan v. Cade, it has been said that some of those statutes, which contain a clause prohibiting the interference of the Superior Courts, mention “ the sum recovered” as the measure of the amount below which there shall be no interference ; however that may be, an examination of the cases cited by Mr. Tidd in his Practice, will shew conclusively that many of those statutes held to be prohibitory, contain only the words debt or contract below a certain sum : that the sum found by the jury, is taken to be the debt or contract' spoken of; that the complexity of the case is not at all weighed, if it be below the amount: that it is of no consequence that the plaintiff believed, as well as stated, his debt to be above, if really it is found to be below, the amount: and that when a prohibitory clause is contained in one of those statutes.(equivalent to the express words in the Act of 1824 which give exclusive jurisdiction) the facts which bring a case within the statute, may, in an action before the Superior Court, be given in evidence under the general issue, to non-suit the plaintiff) or obtain a verdict against him.
The Magistrate's Act of 1839, sec. 16, says that “ on complaint to any magistrate of the non-payment of any debt or other demand not exceeding $20, arising on any contract whatsoever, he shall be authorized to issue a summons,” &c. These words, directory to the magistrate, in no way repeal or contradict the Act of 1824, but seem rather to be by design conformed to it. They have been supposed to shew that the sum claimed by a plaintiff is his demand, and that as a magistrate may proceed provided that sum do not exceed $20, so by implication the Superior Court may proceed if the sum claimed in it be above $20. A magistrate could not proceed, if the sum claimed were stated to be above $20 — for then his process would, upon its face, shew that the case was not within his jurisdiction ; indeed he could not proceed, if the demand were not so stated as to shew that it did not exceed $20, for the jurisdiction of a Court of limited jurisdiction must appear upon the face of its proceedings. If a plaintiff *264 ’before a magistrate should state his demand to be above $20, and the summons be accordingly issued in a form that shewed want of jurisdiction in the magistrate, the proof of a less sum by the plaintiff, could not remedy the folly, of his misstatement, and shew that, by subsequent matter, the magistrate had acquired a jurisdiction which the plaintiff’s averment had negatived. But if a plaintiff, in a matter of contract unliquidated, should, for doubt as to the proof, or for any other cause, have his demand stated in the magistrate’s summons at $20, and should prove more, the magistrate might give judgment for $20 in satisfaction of the whole demand; as was done in the case of Goldtwaite v. Dent, which is approved in the case of Sanders v. Gage. There is, then, no danger of the anomaly being presented, which may be imagined if the case could exist, wherein sufficient proof might be offered in both jurisdictions, and no remedy be given in either. On the other hand, if the plaintiff’s claim of a sum above $20, should be held to give jurisdiction to the Superior Court, notwithstanding the prohibition contained in the Act of Í824, all the cases in which, as before mentioned, a plaintiff has been non-suited, would be reversed ; it would be vain to attempt to confine small causes to the inferior tribunal. Allegation would prevail over truth, and in every case a plaintiff would, by falsehood, which would soon become matter of course, entitle himself to the judgment of the higher Court, for his demand, however small it might be found to be, and with it fix his costs, if his recovery should be above $12 24.
3 McC. 296.
2 McC. 239.
In the case before us, the plaintiff’s demand was matter of contract- — damages for breach of the contract of warranty, not damages for deceit or other tort. It was just such a demand as in the case of Cohen v. Sadler was held to be recoverable before a magistrate; and comes within the comprehensive words of the Act of 1839 before cited, — “ arising on any contract whatsoever.”
By the verdict, the demand- has been shewn to be under $20: the Court cannot, then, render judgment for the plaintiff ; it ought not to give judgment for the defendant, for thereby the plaintiff might, in a suit before a magistrate, be either concluded altogether, or driven to proof that the Superior Court rendered judgment against him for want of jurisdiction. If the case had been heard by a Judge, he would, according to our familiar practice, have non-suited the plaintiff when he attained the conclusion which the jury reached. Why should a different course be taken, because one of the parties, or the Judge himself, has called in the aid of a jury 1 The verdict has ascertained correctly, as we must presume, what was the plaintiff’s demand, in like manner as the Judge’s mind, without the assistance of the jury, would, as we *265 m ust suppose, have deduced the same truth from the same proof. The case of Cade v. Vaughan shews that at least the proceedings must be stayed, for want of authority in the Court to go further: and in that case nothing more was asked. The case of Nance v. Palmer seems to shew that a non-suit could not have been ordered after a verdict for the plaintiff. But there have/been many instances of the Court of Appeals ordering a non-suit after a verdict for the plaintiff, upon the discovery of some insuperable obstacle to the plaintiff’s recovery; and no good reason is shewn why the Circuit Court may not, upon a like discovery, make the same order. A non-suit will enable the defendant to recover the costs to which, as the verdict shews, he has been improperly put, in a case which has been heard only because an allegation, false however honestly mistaken, gave apparent jurisdiction to the Court: and a non-suit will save the plaintiff’s right to proceed before a magistrate from all embarrassment.
2 Rich. 49,
Acts of ’39, P-17-
Beters> 97.
The defendant’s motion is therefore granted, and a non-suit is ordered.
Richardson, X — Evans, X — -and Frost, X — concurred.

Motion granted.